Chief Judge Fuld.
The defendant Hugh Mulligan was indicted for the crime of criminal contempt (Penal Law, § 215.51) following his refusal to answer questions, during the course of an investigation by a grand jury, after being advised that the jury had voted to confer immunity upon him. The courts below dismissed the indictment on the ground that he had been granted testimonial, rather than transactional, immunity.
The law on the subject, clear in principle, was most recently articulated in People v. Masiello (28 N Y 2d 287). Declaring that " Fundamental fairness [not only] required * * * that the witness be advised that he has been granted immunity in displacement of the privilege against self incrimination * * * [but] also suggests that [he] * * * should not be misadvised concerning the scope of immunity if the grant of immunity has been amplified or explained in any way ”, the court held that the defendant Masiello had not received ‘ ‘ full and fair notice ” that he was being granted transactional immunity and would not be prosecuted “ concerning any transaction about which he might be questioned ” (28 N Y 2d, at p. 291).
Here, Mulligan was indisputably granted the transactional immunity provided for by section 619-c of the Code of Criminal Procedure (see, e.g., People v. Chestnut, 26 N Y 2d 481, 485, n. 2), and, just as clearly, he was fully advised of the breadth of such immunity. Immediately after he took the stand in the grand jury room, even before he was sworn, Mulligan was informed by an Assistant District Attorney that he was being called “ exclusively in the role of a witness ” and unequivocally told that “ this Grand Jury has voted to confer immunity upon you, should you assert your privilege against self-incrimination ”. Then, after he had claimed his privilege and refused to testify, he was informed, on several occasions, that " you *23 can no longer incriminate yourself”; that “ [y] our answer to the question will in no way incriminate you because you have been receiving immunity ’ ’; and that ‘ ‘ you will be getting immunity from prosecution for whatever crimes your testimony may disclose ”.[1]
The prosecutor in the case before us did not, it is true, employ the language of the immunity statute (Code Crim. Pro., § 619-c, subd. 2) or use the term “transactional immunity” or even “ transaction ”. However, we perceive no need for such explicitness as long as the thought itself is expressed, as long as it is brought home to the witness that he has been accorded full and complete immunity and cannot thereafter be prosecuted. It is our conclusion that the District Attorney’s statements in this case, considered reasonably and in context, adequately assured Mulligan that he had been granted such an immunity, an immunity which would protect him from prosecution for any and all crimes which might be “revealed by [his] testimony” or to which his ‘ ‘ testimony might relate ’ ’. (Matter of Gold v. Menna, 25 N Y 2d 475, 481-482; see, also, Matter of Grand Jury [Cioffi], 8 N Y 2d 220, 224; People v. Riela, 7 N Y 2d 571; People v. Breslin, 306 N. Y. 294; People v. Brayer, 6 A D 2d 437, 439.) Since, then, the immunity conferred upon Mulligan was as broad as the constitutional privilege against self incrimination, he could not assert that privilege and refuse to testify.[2] It follows, therefore, that there was ample warrant for the indictment *24 charging him with contempt. It should not have been dismissed.
We find without merit the other points made by the defendant in support of his position that there should be an affirmance.
The contention that it was constitutionally impermissible for the grand jury, before which the contempt was assertedly committed, to indict him, was considered and rejected by our court in People v. Chestnut (26 N Y 2d 481, supra). There is not the slightest similarity between this case and In re Murchison (349 U. S. 133), upon which the defendant relies. Murchison was a case in which a judge acted as a one-man grand jury and later tried for contempt witnesses who had refused to answer questions put to them by such “ judge-grand jury.” The'Supreme Court held that, since the judge was part of the accusatory process he " cannot be, in the nature of things, wholly disinterested in the conviction or acquittal of those accused.” (349 U. S., at p. 137). In the case before us, the grand jury which initiated the prosecution has no part in the trial and adjudicatory process.
As to the further contention that the indictment is “ duplicitous, ’ ’ we need but note that, if the argument has merit, the result will be not dismissal of that indictment but, rather, a limitation on the quantum of punishment to be imposed if the defendant is convicted after trial. (See, e.g., People v. Chestnut, 26 N Y 2d 481, 491-492, supra; People v. Riela, 7 N Y 2d 571, 578, supra.)
The order appealed from should be reversed and the indictment reinstated.

. This advice, we particularly note, is in sharp contrast with that given to the defendant in Masiello (28 N Y 2d 287, supra) : far from being informed that he could no longer incriminate himself or be prosecuted for any crime his testimony might disclose, Masiello was merely told that his “ answers * * * [could] not be used” against him (p. 289) and that he had immunity from prosecution only “ as to each and every question or [his] answers to each and every question” asked of him (pp. 290-291). As the court observed (p. 293), Masiello was thus told that “ he [was] receiving an immunity less than the statute requires ”. There was no such misstatement in the present case.

. Lacking in substance is the defendant’s contention that he was not “ granted immunity nor * * * advised of such a grant ” because, during a colloquy between him and the prosecutor, the latter stated that he would “ be getting ” immunity and that the grand jury “is ready to confer” immunity upon him. Read in context, and having in mind the District Attorney’s explicit opening statement that the grand jury “ has voted to confer immunity upon you,” there can be no doubt that Mulligan was sufficiently informed that he had actually been granted immunity.