■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN FLORES, Appellant.—Judgment, Supreme Court, New York County, rendered January 9, 1974, convicting defendant upon a jury verdict of robbery (second degree), burglary (second degree) and grand larceny (third degree), unanimously modified, on the law, to the extent of reversing the conviction for grand larceny (third degree), vacating the sentence imposed thereon and dismissing that count of the indictment, and, as so modified, affirmed. The count of grand larceny (third degree) was a lesser included concurrent count to robbery (second degree) (see *People v Pyles,* 44 AD2d 784). The reversal and dismissal of the grand larceny count does not affect the validity of the robbery conviction (see *People v Mulligan,* 29 NY2d 20, 24; *People v Chestnut,* 26 NY2d 481, 491–492). We find that there was no improper curtailment of defense counsel's cross-examination of the witness Agosto, nor was defendant denied a fair trial because of the prosecutor's comments in summation. We find, also, that the sentence imposed on defendant was not excessive. Concur—Stevens, P. J., Kupferman, Murphy, Birns and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WILLIAMS, Appellant.—Judgment, Supreme Court, New York County, rendered on September 20, 1973, convicting defendant, after trial before Burton B. Roberts, J., and a jury, of five counts of bribe receiving and four counts of receiving unlawful gratuities, unanimously modified, on the law, to the extent of reversing the convictions for receiving unlawful gratuities and dismissing those counts of the indictment, and, as so modified, the judgment is affirmed. The People agree that under the facts of this case, receiving unlawful gratuities constituted inclusory concurrent counts of bribe receiving. We agree with the appellant that the trial court unnecessarily and unduly interjected itself into the trial by frequent participation in the questioning of witnesses. But it appears that he questioned both the People's witnesses and defendant's witnesses. While we do not approve of the trial court's interference to the extent that it did, we do not find that any prejudice resulted to the defendant; nor did it deprive him of a fair trial. We realize that this was not a model trial, but the proof of the defendant's guilt is clear and convincing and no legal reason is demonstrated which would justify an interference with the jury's verdict by this court. Concur—Stevens, P. J., Murphy, Silverman, Capozzoli and Nunez, JJ.