■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SMITH, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Brown, J.), rendered August 4, 1981, convicting him of rape in the first degree (three counts) and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On this appeal the defendant contends, *inter alia,* that, pursuant to CPL 60.42, the trial court improperly limited

defense counsel's inquiry into the complainant's alleged prior heterosexual conduct, and that this error was exacerbated by the denial of counsel's request for a sidebar conference to make an offer of proof. The complainant was an avowed lesbian who asserted that she never engaged in sexual relations with men. The defendant's position was that the sexual intercourse involved herein was consented to by the complainant.

CPL 60.42 in relevant part provides that,

"Evidence of a victim's sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense defined in article one hundred thirty of the penal law unless such evidence * * *

"3. rebuts evidence introduced by the people of the victim's failure to engage in sexual intercourse, deviate sexual intercourse or sexual contact during a given period of time; or * * *

"5. is determined by the court after an offer of proof by the accused outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice."

Though the circumstances of this case justified inquiry into the complainant's alleged past heterosexual conduct, we are persuaded that defendant's rights in this regard were not abridged so as to deprive him of a fair trial. Our review of the record discloses that, in his attempt to rebut the prosecutor's evidence that the complainant never engaged in heterosexual intercourse because she was a lesbian, defense counsel was in fact permitted to inquire about her alleged heterosexual experiences, including those with one Eddie Valdez. Significantly, no witnesses, including Valdez, were called to rebut the complainant's testimony; nor does the defendant contend that he was precluded from calling witnesses to present testimony on this subject.

In addition, the defendant elicited testimony from a defense psychiatrist that certain medical records pertaining to the complainant contained information indicating that she had "heterosexual relations at 15" and that she became a lesbian at 17. The medical records were subsequently admitted into evidence in their entirety (see, People v Mountain, 105 AD2d 494, 496).

The defendant also contends that his indictment was defective in that it charged multiplicitous counts, i.e., that the

three rapes alleged in the indictment were part and parcel of one criminal episode and should therefore have been charged as one count. We disagree with this contention because the indictment charged, and the trial evidence established, three separate and distinct rapes.

Furthermore, CPL 210.20 (1) (a) provides that "[a]fter arraignment * * * the superior court may, upon motion of the defendant", dismiss the indictment or any count thereof on the ground that the indictment or count is defective. Subdivision (2) of the same section of the CPL requires that this motion be made within the time prescribed by CPL 255.20 (1), i.e., "within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment". This latter section also requires that all pretrial motions ordinarily be included within the same set of motion papers, made returnable on the same date "unless the defendant shows that it would be prejudicial to the defense were a single judge to consider all the pre-trial motions" (CPL 255.20 [2]). Finally, the court must entertain and decide on its merits, "at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in subdivision one of this section or included within the single set of motion papers as required by subdivision two. Any other pre-trial motion made after the forty-five day period may be summarily denied, but the court, in the interest of justice, and for good cause shown, may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits" (CPL 255.20 [3]).

The law is clear that the proper method of challenging the facial validity of an indictment is by a pretrial motion to dismiss (CPL 210.20, 210.25). When not timely raised, the issue is not preserved for appellate review *(People v Iannone,* 45 NY2d 589; *People v Soto,* 44 NY2d 683). Having failed to include in his pretrial omnibus motion the claim that the indictment was facially defective because it contained multiplicitous counts, the defendant has not properly preserved this issue for appellate review *(see, People v Di Noia,* 105 AD2d 799, 800, *cert denied* — US —, 105 S Ct 2033), notwithstanding his objections, made belatedly and without any apparent justification after the commencement of his trial, that the counts were "duplicitous" *[sic].* Moreover, even assuming that

defendant's contention is correct, multiplicitous counts similar to duplicitous counts do not require dismissal of the accusatory instrument, but, rather, the dismissal only of those counts which may be deemed multiplicitous. This, in turn, only limits the quantum of punishment to be imposed if the accused is convicted after trial *(see, People v Mulligan,* 29 NY2d 20, 24; *People v Chestnut,* 26 NY2d 481, 491-492; *People v Riela,* 7 NY2d 571, 578, *appeal dismissed and cert denied* 364 US 474).* In the case at bar, the court imposed concurrent sentences.

Furthermore, the defendant contends that the court's charge on reasonable doubt, i.e., that "[t]he prosecution is * * * required to establish guilt to a reasonable degree of certainty, and if it fails to do so, he has not sustained his burden", deprived him of a fair trial, thereby requiring a reversal of his conviction. Though use of such language as "reasonable degree of certainty" is not to be encouraged in connection with a reasonable doubt charge, we are nevertheless satisfied that the charge, taken as a whole *(People v Russell,* 266 NY 147, 153; *People v Canty* 60 NY2d 830, 832), adequately conveyed to the jury the applicable law governing their deliberations.

In a similar vein, the defendant also contends that he was deprived of a fair trial by the following portion of the trial court's charge relating to the Grand Jury which indicted him:

"Now ladies and gentlemen, in most criminal cases the defendants are brought before you by means of an indictment. And in this case the Grand Jury of Westchester County has indicted these defendants, insofar as you are concerned, with three counts of rape, under the first, and second and third counts of the indictment. One count of sodomy in the first degree under the fourth count of the indictment; and one count of robbery in the second degree under the sixth count of the indictment * * *

"Eventually I will read each count of the indictment to you * * * but I do want you to know this: An indictment is a mere written accusation charging a person or persons with the commission of one or more crimes. An indictment is without probative force, it is not evidence of guilt and it carries with it no implication of guilt. Ordinarily the grand jury hears only the testimony of the witnesses on behalf of the People of the State of New York, and those witnesses are not subjected to cross-examination. Ordinarily the defendant and his witnesses do not appear before the grand jury, thus it is for you, the

trial jury, who have heard the evidence in this case, to determine whether the five pertinent counts of the indictment have been proved beyond a reasonable doubt, and whether each of the defendants is or is not guilty."

Unlike those cases holding that the trial court's charge on Grand Jury proceedings was completely unnecessary and possibly misleading, the above-quoted instructions did not inform the jury that "a quorum of the 23 grand jurors handed down an indictment in the instant case" *(People v Branch,* 83 AD2d 855). Nor was the jury instructed that " 'this Grand Jury consists of twenty-three persons. If twelve of these twenty-three agree, then a true bill on the indictment is returned. That is what was done in this particular case' " *(People v Evans,* 63 AD2d 653, 654; *see also, People v Fortt,* 35 NY2d 921). Under the circumstances present herein, we perceive no basis for reversal.

There is no merit to the defendant's contention that the court abused its discretion by partially denying his *Sandoval* motion *(People v Sandoval,* 34 NY2d 371).

We have considered the defendant's remaining contention and find it to be lacking in merit. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.