■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE BYRDSONG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered May 16, 1985, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, attempted rape in the first degree, attempted sodomy in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not abuse its discretion in denying the

defendant's motion to change counsel particularly in light of the fact that the defendant had already been represented by five prior attorneys and also because the motion was made on the eve of trial after the *Sandoval* hearing had commenced and while the jury panel was waiting in the hallway outside the courtroom *(see, People v Arroyave,* 49 NY2d 264).

Since the defendant failed to challenge the facial validity of the third and fourth counts of the indictment in a pretrial motion to dismiss (CPL 210.20, 210.25), this issue has not been preserved for appellate review *(see, People v Soto,* 44 NY2d 683; *People v Iannone,* 45 NY2d 589, 600; *People v Di Noia,* 105 AD2d 799, *lv denied sub nom. People v Rapetti,* 64 NY2d 763).

Viewing the trial evidence in the light most favorable to the People, we find that the People presented prima facie cases concerning the charges of attempted rape in the first degree and attempted sodomy in the first degree *(see, People v Glover,* 107 AD2d 821, *affd* 66 NY2d 931, *cert denied* 476 US 1161; *People v Pereau,* 99 AD2d 591, *affd* 64 NY2d 1055; *People v Troy,* 119 AD2d 880, *lv granted* 68 NY2d 774, *appeal dismissed* 68 NY2d 998; *People v Robare,* 109 AD2d 923). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The two complaining witnesses saw the defendant's face at close range, under good lighting conditions for at least five minutes. In addition, each of the complaining witnesses identified the defendant at a pretrial lineup, again at the pretrial hearing, and during the trial.

We have considered the defendant's remaining contentions and find them to be without merit. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.