■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN R. CASSIDY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered December 3, 1985, convicting him of criminal possession of a forged instrument in the second degree (12 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The crimes charged in the instant indictment stem from the defendant's application to the National Westminster Bank (hereinafter the bank) for a small business loan, the proceeds of which were allegedly to be used to expand the defendant's video and vending machine business. After the loan was approved by the bank and the Small Business Administration and a portion of the loan proceeds was disbursed, a belated security clearance check revealed that the defendant had made material misrepresentations on his loan application and had submitted false documents in order to procure the loan. In support of his application, the defendant had submitted a signed personal history statement in which he denied ever having been arrested or convicted of a crime. Contrary to his representation, the defendant had 3 prior arrests and 2 convictions. The defendant also supplied, as part of his application, a wealth of other documentation, including 10 contracts which purportedly represented agreements between himself and various tavern owners and managers for the placement and maintenance of his video/vending machines in those establishments. At the trial, each of the owners or managers of the establishments named in the 10 contracts testified that he did not enter into any agreement with the defendant nor did he authorize anyone bearing the name of the signatory to the individual contracts to do so. In fact, none of those witnesses knew the individual who allegedly signed the contract on behalf of their respective businesses. Pursuant to the bank's requirement that the defendant demonstrate where his equipment would be stored, the defendant also submitted a "landlord's statement for a new lease or extension of current lease" and a lease for the premises where the video/vending equipment would allegedly be stored. The individual named as the landlord on the "Landlord's Statement" testified that while he recognized the defendant's signature on the document, his own signature had been forged. Moreover, the actual lease submitted by the defendant was for a nonexistent property and was signed by a different landlord, who, it was established, was a fictitious person.

After the trial, the jury returned a verdict convicting the defendant of 12 counts of criminal possession of a forged instrument in the second degree.

The defendant contends on appeal that his guilt of the 12 counts of criminal possession of a forged instrument was not

proved beyond a reasonable doubt and that there was insuffi-
cient evidence to establish his guilt of these crimes. Specifi-
cally, he maintains that the prosecution failed to prove that
he intentionally possessed the instruments in question with
the knowledge that such instruments were forged.

Viewing the evidence adduced at the trial in a light most
favorable to the People, we find that the evidence is sufficient
as a matter of law to support the defendant's conviction of the
crimes charged (see, People v Lewis, 64 NY2d 1111; People v
Conyers, 130 AD2d 677). Moreover, upon the exercise of our
factual review power, we are satisfied that the evidence estab-
lished the defendant's guilt beyond a reasonable doubt and
that the verdict was not against the weight of the evidence
(see, CPL 470.15 [5]). The evidence was ambiguous with respect
to when the defendant was in actual physical possession of
some of the forged instruments; however, the fact that the
defendant had submitted each of the forged instruments to
the bank in support of his loan application was clearly estab-
lished. Given the totality of circumstances, including the
defendant's misrepresentations regarding his prior criminal
history, the jury could reasonably infer that the defendant
knew the instruments were forged, and by submitting them to
the bank in support of his loan application, he intended to
deceive, defraud or injure the bank (see, Penal Law § 170.25).
We further find no merit to the defendant's claim that the
indication in the record that the bank may have approved his
loan application even in the absence of the forged instruments
demonstrates that he did not deceive the bank into acting in a
manner contrary to how it might otherwise have acted. The
People had no burden to prove that the bank conclusively
relied on the forged instruments or that it suffered any actual
injury. The bank's lack of reliance upon the forged instru-
ments or the extent of its monetary injury is not relevant on
the issue of the defendant's intent to commit the crimes
charged.

The defendant next challenges the court's instructions to
the jury. He contends that they differ from the theory of the
prosecution's case as stated in the bill of particulars. The bill
of particulars charged the defendant with possession of forged
documents which were presented to bank officials, thereby
causing them to grant him a loan between March 31 and
December 6, 1983. The court's charge to the jury permitted
the jury to convict the defendant if it found beyond a reason-
able doubt that the defendant knowingly possessed the forged
documents with the intent to deceive, defraud or injure the

bank and/or the Small Business Administration. The defendant argues that by adding another victim of the crimes charged, the court unfairly prejudiced his defense. We find no merit to the defendant's argument. The identity of the victim of the crime was not a material element of the crimes charged (see, *People v Charles,* 61 NY2d 321-327; *People v Barbaran,* 118 AD2d 578, 579-580, *lv denied* 67 NY2d 1050). The nature of the crimes charged as well as the underlying facts were precisely the same with respect to both victims named, and therefore the defendant was not deprived of fair notice of the charges against him. Nor do we perceive any prejudice suffered by the defendant stemming from the court's instructions. The defendant has failed to demonstrate that he was forced to forego a viable defense or was otherwise misled by reason of the court's charge (see, *People v Petterson,* 103 AD2d 811, 812; *cf., People v Covington,* 86 AD2d 877).

The defendant's claim that the indictment was facially defective because it contained multiplicitous counts has not been properly preserved for appellate review. The proper method for raising this claim is by means of a pretrial motion to dismiss. Having failed to include this claim in his pretrial omnibus motion, the defendant may not raise it on appeal (see, *People v Iannone,* 45 NY2d 589, 600; *People v Smith,* 113 AD2d 905, 907, *lv denied* 66 NY2d 922; *People v Di Noia,* 105 AD2d 799, 800, *cert denied* 471 US 1022). In any event, because the defendant was sentenced to concurrent terms as to all of the counts of which he was convicted, reversal is not warranted on this ground.

We have considered the defendant's remaining contentions, including the claimed excessiveness of his sentence, and find them to be lacking in merit. Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.