■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DANYLOCKE, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered February 9, 1987, convicting him of sexual abuse in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court failed to state its findings of fact and conclusions of law as required by CPL 710.60. While we agree that the hearing court failed in its statutory duty under CPL 710.60, this court can make the necessary findings where, as here, a full and fair hearing on the motion to suppress provides an adequate record *(see, People v Martinez,* 133 AD2d 572, *lv denied* 70 NY2d 957; *People v Crowley,* 98 AD2d 628; *People v Acosta,* 74 AD2d 640).

At the combined *Huntley* hearing and nonjury trial, Police Officer John DiPofi, the officer who questioned the defendant, testified that he advised the defendant of his *Miranda* rights shortly after he was brought into the interview room. The card from which DiPofi read the *Miranda* warnings was introduced into evidence at the hearing. DiPofi stated that after being apprised of his rights the defendant agreed to answer questions without an attorney. Immediately thereafter, the defendant made a confession which DiPofi reduced to writing. DiPofi testified that the defendant signed the statement and initialed the top portion of it acknowledging that he had waived his rights. At no time before or after making the statement did the defendant request an attorney. DiPofi's

testimony was corroborated by that of Police Officer Edward Heitczman. Heitczman testified that he was present when DiPofi advised the defendant of his constitutional rights and that he witnessed the defendant's acknowledgment of his statement. While the testimony of the two police officers was contradicted by that of the defendant, we find the testimony of the police officers to be credible. Upon our review of the record, we conclude that the People have proven beyond a reasonable doubt that the defendant's statements to the police were made voluntarily and after he had received the requisite warnings *(see, People v Acosta, 74 AD2d 640, supra).*

The defendant's claim that the indictment was defective is not preserved for appellate review. The proper method for challenging the validity of an indictment is by means of a pretrial motion to dismiss *(see, People v Cassidy, 133 AD2d 374, lv denied 70 NY2d 953; People v Byrdsong, 133 AD2d 164, 165, lv denied 70 NY2d 873; People v Di Noia, 105 AD2d 799, lv denied sub nom. People v Rapetti, 64 NY2d 763, cert denied 471 US 1022).* Since the defendant failed to include this claim in his pretrial omnibus motion, he may not now raise it on appeal *(see, People v Iannone, 45 NY2d 589, 600; People v Cassidy, 133 AD2d 374, 375, supra).*

We have examined the defendant's remaining contentions, including his claim of excessive sentence, and find them to be without merit. Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.