■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYNE STAMEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 21, 1988, convicting her of manslaughter in the first degree and criminal solicitation in the second degree, upon a jury verdict, and sentencing her to an indeterminate term of 8⅓ to 25 years' imprisonment for manslaughter in the first degree, to run consecutively to an indeterminate term of 2⅓ to 7 years' imprisonment for criminal solicitation in the second degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the conviction of manslaughter in the first degree to an indeterminate term of 6 to 18 years' imprisonment; as so modified, the judgment is affirmed.

The defendant contends that her indictment was defective in that the third count sets forth three separate instances of criminal solicitation in violation of CPL 200.30 (1). The proper method to challenge the facial validity of an indictment is by a pretrial motion to dismiss (see, CPL 210.20, 210.25), brought within the time prescribed by CPL 255.20. When not timely raised, the issue is not preserved for appellate review (see, People v Soto, 44 NY2d 683; People v Smith, 113 AD2d 905; People v Di Noia, 105 AD2d 799). Because the defendant made

only an oral motion to dismiss that count at the close of the trial testimony without showing any "good cause" for the delay (CPL 255.20 [1]), she has waived the instant claim of duplicity. Moreover, we decline to reverse the judgment in the exercise of our interest of justice jurisdiction because the indictment was sufficient to notify the defendant of the offense charged so as to enable her to prepare an adequate defense *(see, People v Keindl,* 68 NY2d 410).

Nor do we find any merit in the defendant's contention that the court committed reversible error in failing to charge the jury on the defense of justification. A trial court need not charge a jury with respect to a defense of justification if no reasonable view of the evidence establishes the basic elements of the defense *(see, People v Watts,* 57 NY2d 299). Viewing the evidence adduced at trial in the light most favorable to the defendant *(see, People v Steele,* 26 NY2d 526), we find that there was no reasonable view thereof which would support a finding that the defendant was in fear of any "imminent" use of force by the victim, her husband, who at the time of the attack was sitting in their living room reading a magazine. The evidence further showed that the defendant had left the house to pick up her codefendants and upon their return participated with them, as planned, in staging an apparent robbery during the course of which one of the codefendants repeatedly struck the husband in the head with a hammer, causing his death. That the decedent may have physically abused the defendant in the past did not, standing alone, give rise to a justification defense.

Under the circumstances of this case, the term of imprisonment imposed for manslaughter in the first degree was excessive to the extent indicated.

We have considered the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.