■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WARDEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered June 24, 1988, convicting him of criminal possession of a weapon in the third degree (three counts), the manufacture, transport, disposition, and defacement of weapons and dangerous instruments and appliances, and violation of Vehicle and Traffic Law § 1128A, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

The proper method of challenging the facial validity of an indictment is by a pretrial motion to dismiss and when not timely raised, the issue is not preserved for appellate review *(see,* CPL 210.20, 210.25; *People v Iannone,* 45 NY2d 589; *People v Danylocke,* 150 AD2d 480, 481; *People v Udzinski,* 146 AD2d 245, 258; *People v Cassidy,* 133 AD2d 374, 377; *People v Byrdsong,* 133 AD2d 164, 165; *People v Smith,* 113 AD2d 905, 907; *People v Di Noia,* 105 AD2d 799, 800, *lv denied sub nom. People v Rapetti,* 64 NY2d 763, *cert denied* 471 US 1022). Having failed to include in his pretrial omnibus motion the claims that the indictment was jurisdictionally defective because it charged the defendant with an act that did not constitute a crime and that it failed to assert facts to support every element of the offense charged, the defendant has not properly preserved this issue for appellate review.

Contrary to the defendant's contentions, the statement which he unsuccessfully sought to suppress was, in fact, made spontaneously. The record supports the hearing court's finding that the defendant spoke with genuine spontaneity and not as a result of police conduct which should have reasonably been anticipated to evoke a declaration from the defendant *(see, Rhode Is. v Innis,* 446 US 291, 301; *People v Lynes,* 49 NY2d 286, 295; *People v Scalafani,* 150 AD2d 400, 401; *People v Sobolof,* 109 AD2d 903). In any event, even if the defendant's statement was not spontaneous, it was admissible pursuant to a valid waiver of his constitutional rights. To be valid, a waiver need not be express. "Silence, coupled with an understanding of the rights and a course of conduct indicating waiver, is sufficient" *(People v Bretts,* 111 AD2d 864, 865; *see, North Carolina v Butler,* 441 US 369; *People v Sirno,* 76 NY2d 967; *People v Rodriguez,* 167 AD2d 562). The fact that the defendant was twice given the *Miranda* warnings and on the second time indicated that he understood them, coupled with the fact that the defendant made the statement less than two hours after being advised of his rights, indicates that a valid waiver had indeed occurred *(see, People v Bretts, supra).*

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to prove beyond a reasonable doubt that the device attached to the firearm possessed by the defendant was in fact, a firearm silencer *(see,* Penal Law § 265.00 [2]; *United States v Thomas,* 567 F2d 299, 301). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Brown, J. P., Harwood, Miller and Ritter, JJ., concur.