■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WEBB, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered April 4, 1990, convicting him of sodomy in the first degree (ten counts), rape in the first degree (two counts),

attempted sodomy in the first degree (two counts), assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that his indictment was defective because several of the individual offenses charged occurred at some time within stated 35-day and 45-day periods, and that the charges were duplicitous are unpreserved for appellate review. The proper method to challenge the facial validity of an indictment is by a pretrial motion to dismiss *(see,* CPL 210.20, 210.25), brought within the time prescribed by CPL 255.20 *(see, People v Soto,* 44 NY2d 683; *People v Stamen,* 163 AD2d 499; *People v Smith,* 113 AD2d 905; *People v Di Noia,* 105 AD2d 799, *cert denied* 471 US 1022).

The defendant's contention that the prosecution failed to prove that the victim sustained "physical injury" within the meaning of Penal Law § 10.00 (9) and § 120.00 (1) is also unpreserved for appellate review inasmuch as the defendant made no reference to such an argument at the time that he made his motion to dismiss the indictment at the close of the People's case *(see, People v Logan,* 74 NY2d 859, 860-861; *People v Bynum,* 70 NY2d 858; *People v Gomez,* 67 NY2d 843, 844-845; *People v Dekle,* 56 NY2d 835, 837).

In addition, the trial court did not improvidently exercise its discretion in admitting expert testimony as to the psychological and behavioral characteristics and reaction typically shared by children who are victims of sexual abuse in a familial setting *(see, Matter of Nicole V.,* 71 NY2d 112, 120; *People v Keindl,* 68 NY2d 410, 422).

The defendant's remaining contentions are either unpreserved for appellate review or without merit *(see, People v Pelchat,* 62 NY2d 97; *People v Hoke,* 62 NY2d 1022; *People v Whalen,* 59 NY2d 273). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.