■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ESTES, Appellant. [609 NYS2d 62] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered June 11, 1992, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Two police officers testified at trial that on September 24, 1991, they observed the defendant sell a vial of crack-cocaine. The officers immediately apprehended the defendant, who they found to be in possession of additional vials of crack-cocaine. The defendant was later convicted of criminal possession of a controlled substance in the third degree *(see,* Penal Law § 220.16 [1]) based on the jury's conclusion that he had

intended to sell the vials of cocaine which were in his actual possession at the time of his arrest.

On appeal, the defendant argues that the prosecution was collaterally estopped from adducing any evidence which tended to prove his participation in the drug sale which the two officers had observed. The defendant points out that the Grand Jury which had indicted him for criminal possession of a controlled substance in the third degree (see, Penal Law § 220.16 [1]), failed to indict him for criminal sale of a controlled substance in the third degree, despite the prosecutor's request. We do not agree with this argument.

The proof which tended to establish the defendant's participation in an actual sale of narcotics was relevant and admissible in order to prove the defendant's intent to sell the additional narcotics which he contemporaneously possessed (see, People v Green, 170 AD2d 530; People v Hill, 166 AD2d 663; People v Glover, 165 AD2d 880; People v Parsons, 150 AD2d 614). The doctrine of collateral estoppel has no application in the circumstances of this case.

"A Grand Jury's decision not to return an indictment on the ground of insufficient legal evidence does not contain the finality requisite to the application of the doctrine of collateral estoppel (Matter of McGrath v Gold, 36 NY2d 406; compare CPL 210.20, subd 1, par [b] with CPL 190.75, subd 1) * * * Since a Grand Jury decision not to indict is not a final determination that the acts alleged did not occur, dismissal of the criminal charge by the Grand Jury cannot be dispositive of the outcome of [subsequent proceedings]" (People ex rel. Pickett v Ruffo, 96 AD2d 128, 130).

The defendant's contention that the Grand Jury proceedings were defective in that the prosecutor failed to instruct the Grand Jury with respect to the lesser included offense of criminal possession of a controlled substance in the seventh degree is not preserved for appellate review (see, CPL 470.05 [2]). The defendant did not raise this precise argument in his omnibus motion papers (see, People v Danylocke, 150 AD2d 480, 481; People v Cassidy, 133 AD2d 374; People v Byrdsong, 133 AD2d 164; People v Di Noia, 105 AD2d 799, cert denied 471 US 1022). This argument is not worthy of review in the interest of justice.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.