■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOREY, Appellant. [637 NYS2d 500] —Cardona, P. J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered October 31, 1994, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child.

Defendant was charged in an indictment with two counts of

sexual abuse in the first degree and one count of endangering the welfare of a child alleging that in April 1993 he engaged in sexual contact with his then six-year-old daughter at their residence in the Village of Granville, Washington County. Following a jury trial, defendant was convicted of the crimes charged and sentenced to concurrent prison terms of $2^1/_3$ to 7 years on the convictions for sexual abuse in the first degree, and a concurrent one-year jail term on the conviction for endangering the welfare of a child.

Initially, we find that defendant failed to preserve his arguments that the first two counts of the indictment are either duplicitous or multiplicitous through a timely pretrial motion to dismiss for facial invalidity (see, People v Tice, 147 AD2d 776, 778, lv denied 74 NY2d 748; People v Smith, 113 AD2d 905, 907, lv denied 66 NY2d 922). In any event, it is clear from a reading of the indictment that each of these counts charges defendant with the commission of a single crime, namely, sexual abuse in the first degree. Therefore, defendant's duplicity argument fails (see, CPL 200.30; People v Kindlon, 217 AD2d 793, 794-795, lv denied 86 NY2d 844). In reference to the claim of multiplicity, even assuming merit to the argument that counts one and two charge the same offense (see, People v Senisi, 196 AD2d 376, 382), we would only dismiss the second, multiplicitous count (see, People v Smith, supra, at 908). Inasmuch as defendant received concurrent sentences such a dismissal would not alter, under the circumstances of this case, the quantum of punishment meted out (see, supra, at 908). Therefore, we decline to reach the issue in the interest of justice.

Defendant next argues that his written statement was insufficient to corroborate the child-victim's unsworn testimony. Before unsworn testimony can be used to convict, it must first be corroborated by proof which "tends to establish the crime and that defendant committed it" (People v Groff, 71 NY2d 101, 109; see, People v Tomczak, 189 AD2d 926, 927, lv denied 81 NY2d 977).

A person commits the crime of sexual abuse in the first degree when he or she "subjects another person to sexual contact[*] * * * [w]hen the other person is less than eleven years old" (Penal Law § 130.65 [3]). The child, who was seven years old at the time of trial, testified that defendant subjected

---

*Sexual contact is defined as "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor" (Penal Law § 130.00 [3]).

her to sexual contact on more than one occasion by having her masturbate him with her hand. In his written statement, defendant admitted that on more than one occasion his daughter's hands were on his genitals and that she had "move[d] [his penis] up and down". This statement shows that the child was subjected to sexual contact and that it was defendant who subjected her to it. Accordingly, we find that the child's unsworn testimony was sufficiently corroborated by defendant's statement.

We also find no merit in defendant's claim that the trial evidence, when viewed in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), was legally insufficient to support his convictions. In her testimony, the child recounted how defendant called her up to his room and told her to "pull his private up and down". This testimony and defendant's confession present a valid line of reasoning and permissible inferences which could lead a rational person to conclude beyond a reasonable doubt (see, People v Bleakley, 69 NY2d 490, 495) that defendant committed the crime of sexual abuse in the first degree (see, Penal Law § 130.65 [3]) by permitting the then six-year-old child to manipulate his genitalia for his own sexual gratification. Similarly, the child's testimony, coupled with defendant's statements that she was exposed to pornography and his own acts of masturbation, constitute legally sufficient evidence to establish the crime of endangering the welfare of a child under the third count of the indictment (see, Penal Law § 260.10 [1]; People v Dunavin, 173 AD2d 1032, lv denied 78 NY2d 965).

Finally, we reject defendant's claim that the use of the word "require" in the first and second counts of the indictment compelled the People to prove force or coercion as an element of the crime of sexual abuse in the first degree. A defendant need not act with forcible compulsion to commit the offense when it is charged, as it is in this instance, under the third subdivision of the statute (see, Penal Law § 130.65 [3]). Use of the word "require" was mere verbiage inserted, as the District Attorney has noted, to clarify that defendant was the actor and that the sexual contact consisted of the victim touching defendant.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.