THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL ENGLISH, Appellant. [662 NYS2d 890] —Judgment unanimously affirmed. Memorandum: Supreme Court properly refused to instruct the jury that it must find recklessness in order to determine that defendant was guilty of violating Navigation Law § 45 (1). Defendant was charged with violating those provisions of the Navigation Law that require "[e]very * * * operator of a vessel [to] * * * navigate the same in a careful and prudent manner in such a way as not to unreasonably interfere with the free and proper use of the navigable waters of the state * * * or unreasonably endanger any vessel or person * * * No person shall operate a vessel at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing" (Navigation Law § 45 [1] [a], [b]). Thus, the standard for determining a violation is ordinary negligence, which is measured by the conduct of a reasonably prudent person (*see, People v Grogan*, 260 NY 138, 148-150). The fact that Navigation Law § 45 is entitled "Reckless operation of a vessel; speed" is of no moment. "[T]here can be no doubt that the text of [a] statute must take precedence over its title. While a title or heading may help clarify * * * the meaning of an imprecise or dubious provision, it may not alter or limit the effect of unambiguous language in the body of the statute itself" (*Squadrito v Griebsch,* 1 NY2d 471, 475; *see, Rivers v Sauter,* 26 NY2d 260, 262).

Similarly, the court properly refused to charge the jury that defendant must have "knowingly" failed to report the boating accident. Navigation Law § 47 (1) provides that, if the operator of a vessel has knowledge that he has been in a boating accident involving a loss of life, personal injury or property damage, he must give the operator of the other vessel his name, address and the identification number of his vessel and, if he cannot locate the person who was injured or sustained property damage, he must report the accident to the nearest police or judicial officer within 24 hours. Although the reporting requirement in Navigation Law § 47 (1) is triggered by knowledge that an accident occurred, the subdivision does not require proof that the operator of the vessel "knowingly" failed to report an accident. Thus, the court's instruction to the jury that the People are required to prove that defendant was consciously aware that he had been involved in an accident with another vessel causing loss of life, personal injury, or property damage

was all that was required (see, People v Canty, 60 NY2d 830, 831-832).

The further contention of defendant that the court erred in refusing to instruct the jury that it is immaterial whether the authorities contacted defendant or defendant contacted the authorities, as long as the authorities became aware of the accident within 24 hours, is not supported by the language of the statute (see, Navigation Law § 47 [1]).

The contention of defendant that the sixth count of the indictment is "duplicitous" because it does not "parallel" the language of Navigation Law § 45 (1) (a) and (b), as amended in 1992, and the Grand Jury "apparently" was provided with the pre-1992 language of section 45 (1) is not preserved for our review (see, People v Iannone, 45 NY2d 589, 600-601; People v Warden, 170 AD2d 469, lv denied 77 NY2d 968). In any event, were we to exercise our discretion to review that contention in the interest of justice (see, CPL 470.15 [6] [a]), we would conclude that, because the language in both sections is virtually identical, defendant has failed to show that he was prejudiced thereby.

The contention of defendant that Navigation Law § 45 (1) is so vague and indefinite as to render it unconstitutional is without merit. The subdivision adequately "provides notice to 'a person of ordinary intelligence * * * that his contemplated conduct is forbidden by the statute' " (People v Shack, 86 NY2d 529, 538, quoting United States v Harriss, 347 US 612, 617; see, People v Cruz, 48 NY2d 419, 423-424, appeal dismissed 446 US 901; People v Lewis, 13 NY2d 180).

Finally, upon our review of the record, we conclude that the evidence is legally sufficient to support the verdict with respect to counts five and six of the indictment (see, People v Bleakley, 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Navigation Law.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.