■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FRONJIAN, Appellant. [802 NYS2d 33]—

Judgments, Supreme Court, New York County (Renee Allyn White, J.), rendered January 6, 2004, convicting defendant, after a jury trial, of grand larceny in the third degree, criminal possession of stolen property in the third degree, scheme to defraud in the first degree and violation of General Business Law § 352-c (6), and sentencing him to terms of 2 to 6 years on the larceny and stolen property convictions, and $1\frac{1}{3}$ to 4 years on the remaining convictions, all sentences to be served concurrently, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The court properly exercised its discretion in precluding de-

fendant from introducing evidence concerning certain transactions and bank account balances, since defendant did not lay a foundation to establish the relevance of this evidence to the crimes charged. Absent a proper foundation, the jury would have been called upon to draw speculative inferences as to the reasons for this activity and its connection to the case. Inasmuch as defendant did not assert a constitutional right to introduce the excluded evidence, his constitutional argument is unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]; *see also Smith v Duncan*, 411 F3d 340, 348-349 [2d Cir 2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

There was no constructive amendment of the indictment. The indictment did not limit the People to a particular theory of larceny, and defendant received fair notice, both before and during trial, of the theory or theories upon which the People were proceeding, and these theories were also consistent with the grand jury evidence (*see People v Grega*, 72 NY2d 489, 496-497 [1988]; *People v Foley*, 210 AD2d 163 [1994], *lv denied* 85 NY2d 861 [1995]).

While defendant raises issues as to whether he may have been a joint owner of certain funds, and thus not criminally liable for their theft (*see* Penal Law § 155.00 [5]), these contentions are moot because they relate only to a count upon which defendant was acquitted. To the extent that defendant is arguing that these issues also affect the counts upon which he was convicted, that argument is unpreserved and without merit.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Friedman, Sullivan and Nardelli, JJ.