■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEY D. BARR, Also Known as JOSEPHINE BARR, Appellant. [965 NYS2d 911]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered April 27, 2011. The judgment convicted defendant, upon her plea of guilty, of attempted criminal sale of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted criminal sale of a controlled substance in the second degree (Penal Law §§ 110.00, 220.41 [5]). Defendant contends that the prosecutor's failure to instruct the grand jury as to a lesser offense of unlawful sale of an imitation controlled substance (Public Health Law § 3383 [2]) impaired the fundamental integrity of the grand jury proceeding, requiring dismissal of the indictment. By pleading guilty, defendant forfeited her right to seek our review of that contention (*see generally People v Hansen*, 95 NY2d 227, 231-232 [2000]; *People v Palo*, 299 AD2d 871, 871 [2002], *lv denied*

99 NY2d 618 [2003]). Defendant also failed to preserve that contention for our review (*see People v Davis*, 87 AD3d 1332, 1333 [2011], *lv denied* 18 NY3d 858 [2011], *reconsideration denied* 18 NY3d 956 [2011]; *People v Estes*, 202 AD2d 516, 517 [1994], *lv denied* 84 NY2d 825 [1994]). In any event, defendant's contention is without merit inasmuch as the People are "free to seek an indictment for the highest crime the evidence will support" (*People v Valles*, 62 NY2d 36, 39 [1984]). Present—Scudder, P.J., Smith, Centra and Lindley, JJ.