Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered July 17, 2014, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years, to be followed by 5 years of postrelease supervision.
 

 Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 25 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 20 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
 

 The defendant was charged with robbery in the first degree, based upon the display of what appeared to be a firearm in the course of the commission of the crime or of immediate flight therefrom (Penal Law § 160.15 [4]). At trial, the complainant testified that the codefendant approached, and, while holding her hand in her purse, stated that she had a gun and demanded the complainant’s property, which the complainant delivered. According to her testimony, the complainant then followed the defendant and codefendant as they fled, at which point the defendant pointed a gun at the complainant and threatened her.
 

 The defendant argues that he was deprived of the effective assistance of counsel based upon trial counsel’s alleged failure to have the testimonial and physical evidence regarding this gun excluded. Contrary to the defendant’s contention, the gun evidence was relevant and admissible since the People’s theory, pursued throughout the trial and expressly argued on summation, was that the element of “displays what appears to be a . . . firearm” was satisfied by the defendant’s conduct of pointing a gun at the complainant, and not by the codefendant’s conduct of manifesting the presence of a gun (see People v Estes, 202 AD2d 516 [1994]). Accordingly, it was not error for trial counsel to decline to object to the admission of the gun evidence, and the defendant was not otherwise deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
 

 The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80 [1982]).
 

 Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.