People v Haynesworth (2024 NY Slip Op 02544)

People v Haynesworth

2024 NY Slip Op 02544

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-09423
 (Ind. No. 2505/13)

[*1]The People of the State of New York, respondent,
v
Russell Haynesworth, appellant.

Patricia Pazner, New York, NY (Lisa Napoli of counsel), for appellant.
Eric Gonzalez, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (William M. Harrington, J.), dated October 7, 2022, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered July 17, 2014, as modified by decision and order of this Court dated September 13, 2017 (see People v Haynesworth, 153 AD3d 1278), convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted, upon a jury verdict, of robbery in the first degree. On the defendant's direct appeal, this Court modified the judgment by reducing the sentence imposed (see People v Haynesworth, 153 AD3d 1278). Thereafter, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, contending, inter alia, that the theory advanced by the People at trial differed from the theory the People advanced before the grand jury, resulting in an unconstitutional constructive amendment of the indictment. The Supreme Court denied the motion without a hearing. The defendant appeals by permission.
Contrary to the defendant's contentions, the People's presentation of evidence to the grand jury was proper. The prosecutor provided legal instruction to the grand jury "[w]here necessary or appropriate" (CPL 190.25[6]; see People v Calbud, Inc., 49 NY2d 389, 394-395; see also CPL 210.35[5]). Further, the transcripts of the grand jury and trial proceedings establish that the defendant received fair notice, both before and during trial, of the theory upon which the People were proceeding, and the theory remained consistent with the evidence presented to the grand jury (see People v Grega, 72 NY2d 489, 496; People v Fronjian, 22 AD3d 244, 245).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 440.10 without a hearing.
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court